money deposited under a lease to secure the payment of rent, where the plaintiffs had been dispossessed under a judgment for possession, and the rent of one month amounting only to one-eighth of the deposit, was involved, and the issue was whether the defendant was entitled to retain the entire deposit as liquidated damages, *held* that to compel the forfeiture of the entire amount of the deposit for the nonpayment of a month's rent would be unconscionable.

2. DAMAGES, § 85*—*what is nature of money deposited by tenant as security for rent.* Money deposited by a tenant as security for rent will, as a rule, be regarded as a penalty merely and not as liquidated damages, and it is immaterial whether the deposit is called a penalty or liquidated damages, and particularly so when the deposit is out of all proportion to the rent due.

3. DAMAGES, § 85*—*what is important in determining whether deposit is penalty or otherwise.* The element of reasonableness is an important factor in determining whether or not a deposit should be considered as a penalty or otherwise, and if the forfeiture would be unreasonable, the entire deposit should not be applied as liquidated damages.

---

## Mrs. A. Margolis, Appellee, v. Chicago Railways Company, Appellant.

### Gen. No. 22,816.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. DENNIS W. SULLIVAN, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 16, 1917.

### Statement of the Case.

Action by Mrs. A. Margolis, plaintiff, against the Chicago Railways Company, defendant, to recover damages for injuries to plaintiff's automobile due to a collision with defendant's street car. From a judgment for plaintiff for $340.15, defendant appeals.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Margolis v. Chicago Railways Co., 205 Ill. App. 286.

WILLIAM H. SYMMES and FRANK L. KRIETE, for appellant; J. R. GUILLIAMS and C. C. CUNNINGHAM, of counsel.

GEORGE D. WELLINGTON and ERNEST W. CLARK, for appellee.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. STREET RAILROADS, § 131*—*when evidence is sufficient to sustain judgment for plaintiff in action for injuries to automobile.* In an action against a street car company to recover damages for injuries to plaintiff's automobile, where the trial was by the court, and it appeared that as the automobile which was being driven south, came to an east and west street and before starting to turn, the driver stopped the car, and, in looking south, saw a northbound car standing in front of the car barns about half a block away and passengers getting on and off, and that she then started to turn east and when the car was partially upon the northbound track she reversed and started back towards the west, and that just then the car struck the front end of the automobile, *held* that a judgment in favor of the plaintiff was not manifestly against the weight of the evidence.

2. STREET RAILROADS, § 97*—*when driver of automobile is not negligent in turning at street intersection in front of street car.* In an action against a street car company to recover damages for injuries to plaintiff's automobile, where the trial was by the court, and it appeared that as the automobile which was being driven south came to an east and west street, and, before starting to turn, the driver stopped the car, and, in looking south, saw a northbound car standing in front of the car barns about half a block away and passengers getting on and off, and that she then started to turn east, and when the car was partially upon the northbound track she reversed and started back towards the west, and that just then the car struck the front end of the automobile, *held* that the trial court could properly conclude that, as the automobile was first at the street intersection, the motorman of the street car should have given the driver time to pass, and that she was justified in proceeding to make the turn without paying further attention to the street car.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.